[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT AND/OR FOR ORDER
At the commencement of the dissolution of marriage trial of the above captioned case, the defendant presented this motion. Evidence was taken during the trial in reference to this motion.
The allegations made are that the plaintiff violated provisions of the Automatic Orders that were in effect at the commencement of the dissolution of marriage action commenced by the plaintiff in that he disposed of certain assets.
The defendant withdrew the claim made in paragraph 1 of her motion and proceeded as to paragraphs 2a., 2b. and 2c. CT Page 6542
The court finds:
1. On March 17, 2000, the plaintiff exercised his stock options for 5000 shares of Nortel Networks Corporation stock and received approximately $282,000, after the payment of taxes;
2. On January 23, 2001, the plaintiff exercised his stock options for 500 shares of Nortel Networks Corporation stock and received approximately $6,200, after the payment of taxes;
3. On January 24, 2001, the plaintiff executed his stock options for 4500 shares of his Nortel Networks Corporation stock and received approximately $60,800, after the payment of taxes.
4. The plaintiff spent all but $28,000 of the approximately $350,000 received.
5. The exercise of the stock options and the subsequent expenditure of the funds were made without the knowledge or consent of the defendant and/or without order of court.
6. The plaintiff failed to establish that payments from the funds, with the exception of attorney's fees and tuition costs (both totaling approximately $88,800), were made for customary and usual household expenses or in the ordinary course of business.
The actions of the plaintiff clearly violated the Automatic Orders provision of Section 25-5 (a)(1) of the Connecticut Rules of Practice.
The violations were willful and an arrogant disregard of the Automatic Orders. The plaintiff on March 17, 2000 exercised stock option rights, only three weeks after appearing in the Superior Court to answer the defendant's motion for contempt based on the plaintiffs exercising stock options held in another corporation.
To compound his violation, the plaintiff not only exercised options on three different occasions but thereafter used much of the funds to enjoy a lavish lifestyle for himself and his adult children. When his options became vested a federal excise tax in the amount of $278,000 became a liability, and the plaintiff ignored either paying part of his obligation or escrowing funds to pay it and it still remains outstanding.
The defendant's motion is granted. The plaintiff is adjudged to be in contempt of the Automatic Orders of the Court.
The plaintiff is ordered to: CT Page 6543
(1) Pay as reasonable counsel fees to the defendant the sum of $500;
(2) Pay as a fine to the defendant the sum of $500 for each violation (March 17, 2000, January 23, 2001, and January 24, 2001) for a total of $1,500;
Payments for counsel fees and fines shall be paid at the time the assets of the parties are distributed pursuant to the judgment of dissolution of marriage entered on this date.
(3) The plaintiff shall be solely responsible for the payment of the outstanding excise taxes due on all transactions involved in the exercise of the stock options that were the subject of this motion. As of this date, the plaintiff reports the obligation to be in the amount of $278,000. In addition, the plaintiff shall be solely responsible for all interest and penalties that may be assessed.
So Ordered.
 ___________________________ NOVACK, JUDGE TRIAL REFEREE